In the application for another rehearing, the Attorney General cites Act 258 of 1910, p. 438, which declares:
 "That the waters of and in all bayous, lagoons, lakes and bays, and the beds thereof, within the borders of the state, not at present under the direct ownership of any person, firm or corporation, are hereby declared to be the property of the state." *Page 368 
The statute is not at all pertinent to this case, because the land in contest is not — and was not in 1910 — in the bed of Ferry Lake. It is now and was then a part of the shore of Ferry Lake. Besides, Act 258 of 1910, by its precise terms, was said not to interfere with the "ownership of any person, firm, orcorporation," and hence the act did not revoke the title of any political corporation, such as a levee board. There is a proviso in the second section of the act, declaring that it should not interfere with the title "of any waters or the beds thereof" theretofore conveyed by the state "or its agencies," which was a recognition that the state's agencies, like levee boards, owned the beds beneath the bayous, lagoons, lakes, and bays within their territorial limits, respectively.
The Attorney General refers again, in the application for another rehearing, to Act 3 of the Extra Session of 1910, p. 6, and Act 86 (which was merely a Senate concurrent resolution) of 1914, p. 202, as if those statutes gave the Attorney General the right to sue in the name of the state on a cause or right of action belonging to a state agency. It is said that the act of the extra session of 1910 was passed because of our decision in State v. Tensas Delta Land Co., 126 La. 74, 52 So. 222. Perhaps so; but the act gave the Attorney General authority to sue in the name of the state only on rights of action belonging to the state, and to sue in the name only of the particular subdivision or agency of the state on a right of action belonging to any particular subdivision or agency of the state. The language of the statute leaves no doubt about that; and it was so observed and declared in the most vigorous language in United States ex rel. Louisiana v. Jack, Judge, 244 U.S. 404, 37 S. Ct. 605, 61 L. Ed. 1227. The Senate resolution referred to (Act 86 of 1914) merely declared:
 "That the subject-matter of this resolution be referred to the Attorney General of the state of Louisiana for his investigation and report to the Governor." *Page 369 
Surely that resolution did not purport to give the Attorney General the authority to sue in the name of the state on any cause or right or action belonging to a levee board or other subdivision or agency of the state.